Filed 9/24/14  In re Emily M. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re EMILY M., a Person Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>AMBER D.,<br><br>    Defendant and Appellant. | G049646<br><br>(Super. Ct. No. DP022198)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Deborah C. Servino, Judge.  Dismissed as moot.

Konrad S. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

Nicholas S. Chrisos, County Counsel, Karen L. Christensen and Aurelio Torre, Deputy County Counsel, for Plaintiff and Respondent.

No appearance for the Minor.

\*          \*          \*

Appellant Amber D. (mother) appeals from the termination of her parental rights over her daughter, Emily M. (child) at a hearing held pursuant to Welfare and Institutions Code[1] section 366.26.[2] Mother contends respondent Orange County Social Services Agency (SSA) failed to comply with the specific inquiry and notice requirements of the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et. seq. (ICWA)), and requests that we reverse and remand with directions to the juvenile court to "exact compliance with the mandates." We find this appeal moot as a result of events which occurred during the pendency of this appeal, and therefore dismiss.

## FACTUAL AND PROCEDURAL HISTORY

*1. Abbreviated Summary of Events Which Occurred Before the Appeal Was Filed.*

In 2011, mother was living with the child and her boyfriend, who is not the child's father. After mother was arrested on a parole violation, her boyfriend took the child to live with a friend.

In February 2012, the child was detained after SSA received a report she had been left without support. SSA filed a petition alleging the child came within the provisions of section 300, subdivision (b).

Mother filled out form ICWA-020 indicating she might have Cherokee Indian heritage. She told the social worker her father, Roy D. possessed the relevant family genealogical information. The social worker attempted but failed to contact Roy D. by telephone on February 16, 21, and 23.

On February 9, 2012, the court found SSA had established a prima facie case justifying emergency removal of the child. The court also found the ICWA might apply and ordered SSA to "continue to investigate possible American Indian heritage and provide notice to appropriate tribe."

---

[1] All subsequent statutory references are to the Welfare and Institutions Code.

[2] The child's presumed father, Jose M., is not a party to this appeal.

2

On February 28, 2012, SSA provided ICWA notice to the Bureau of Internal Affairs, the Cherokee Nation of Oklahoma, the Eastern Band of Cherokee Indians and the United Keetoowah Band of Cherokee Indians.

On March 22, 2012, the court conducted a jurisdiction hearing and found the allegations of the petition true. The court proceeded to disposition, removed the child from parental custody and declared her dependent.

On March 27, 2012, SSA prepared form ICWA-030, and mailed it to the Bureau of Indian Affairs, the three federally-recognized Cherokee tribes, and mother. The form listed Roy D.'s first name as "Roy."

In August 2013, the court set a section 366.26 hearing.

On August 27, September 3, and September 13, 2013, the parent locator attempted but failed to contact Roy D. by telephone. His declaration of due diligence listed Roy D.'s first name as "Roylin" not "Roy."

In December 2013, the court found the child adoptable, and terminated mother's parental rights, finding no exception under section 366.26, subdivision (c)(l)(B) applied.

On February 6, 2014, mother filed a timely notice of appeal, seeking relief from the order terminating her parental rights.

2. *Summary of Events Which Occurred After the Appeal Was Filed.*

On June 30, 2014, SSA submitted to this court motions to take additional evidence, augment the record and vacate submission, all of which were stamped "Received." On July 1, 2014 we ordered mother to file her opposition or other response, if any, within 15 days. Mother did not file any opposition or other response.

On July 28, 2014, we granted SSA's motion to vacate submission, take additional evidence and augment the record because the proffered evidence relates solely to the question whether this appeal should be dismissed as moot, not to the merits of the appeal or the correctness of the judgment. (*In re Josiah Z.* (2005) 36 Cal.4th 664, 676.)

3

The augmented record reveals events which occurred after the appeal was filed. On April 30, 2014, the court reappointed trial counsel for mother and the presumed father, for the purpose of ICWA notice and findings, with further proceedings set for late June to address those issues.

On June 16, 2014 a review hearing under section 366.3 took place. SSA's report for that hearing included both a detailed description of SSA's renewed ICWA efforts and a copy of the ICWA documentation sent to the relevant tribes and governmental bodies by SSA.

The ICWA documentation SSA included return-receipts for the notices sent to the Cherokee tribes and the Bureau of Indian Affairs, and response letters from all three tribes declining to deem the child eligible for tribal membership.

Based on these efforts and documents, the court found the ICWA did not apply, and made other typical review findings and orders. Mother did not appeal any of those findings or orders and the time for her to do so has now expired.

## DISCUSSION

The question of mootness in juvenile dependency cases must be generally decided on a case-by-case basis. (*In re Hirenia C.* (1993) 18 Cal.App.4th 504, 518; *In re Angela R.* (1989) 212 Cal.App.3d 257, 264.) However, there are some generally accepted rules, and this case involves one of them. If during the pendency of one appeal, the juvenile court issues another order that the appellant does not appeal, then review of the issues raised in the pending appeal may be futile. (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315; *In re John V.* (1992) 5 Cal.App.4th 1201, 1210.) This is precisely the situation here. The augmented record shows all of mother's ICWA complaints have been cured, and the court properly found the ICWA does not apply. Therefore, this appeal is moot.

4

## DISPOSITION

The appeal is dismissed as moot

THOMPSON, J.

WE CONCUR:

FYBEL, ACTING P. J.

IKOLA, J.